Sinera v Bedford-Webster LLC (2020 NY Slip Op 06009)





Sinera v Bedford-Webster LLC


2020 NY Slip Op 06009


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 23902/15E Appeal No. 12171 Case No. 2019-04678 

[*1]Bubacarr Sinera, Plaintiff-Respondent,
v
Bedford-Webster LLC, et al., Defendants-Respondents-Appellants, 3170 Webster Avenue LLC, Defendant-Appellant-Respondent.
Bedford-Webster LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Joy Construction Corp., Third-Party Defendant-Appellant-Respondent.


Carol R. Finocchio, New York (Marie R. Hodukavich of counsel), for appellants-respondents.
Maizes & Maizes LLP, Bronx (Michael H. Maizes of counsel), for respondents-appellants.
Edelman, Krasin & Jaye, PLLC, Westbury (Kara M. Rosen of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 14, 2019, which denied defendant 3170 Webster Avenue LLC's (3170) and third-party defendant Joy Construction Corp.'s (Joy) motion for summary judgment dismissing the complaint and cross claims as against 3170 and the third-party complaint, denied defendant/third-party plaintiff Bedford-Webster LLC's motion for summary judgment dismissing the complaint as against it and on its third-party claims for contractual and common-law indemnification, and denied defendants Bedford-Webster Commercial LLC, Bedford-Webster Developers LLC, Bedford-Webster Managers LLC, The Bedford Housing Development Fund Corporation, Azimuth Development Group, LLC, and Bedford-Webster Realty LLC's (collectively, B-W) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court properly denied defendants' motions for summary judgment dismissing plaintiff's Labor Law §§ 200, 240(1), and common-law negligence claims because triable issues of fact exist as to whether the collapse of the subject floor was foreseeable (see Jones v 414 Equities LLC, 57 AD3d 65, 79-80 [1st Dept 2008]; Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014]), given, inter alia, testimony regarding prior cracks in the flooring, and the plaintiff's expert's findings that a proper inspection would have revealed the condition of the floor as well as the foreseeable risk of floor capacity overloading and the resulting collapse of the floor.
The motion court properly denied defendants' motions for summary judgment dismissing plaintiff's Labor Law § 241(6) claim as material issues of fact exist as to whether defendants violated Industrial Code (12 NYCRR) § 23-2.1(a)(2), upon which the claim is predicated (see Buckley v Columbia Grammar & Preparatory, 44 AD3d 263, 272 [1st Dept 2007], lv denied 10 NY3d 710 [2008]).
Finally, given the issues of fact as to defendants' liability, the motion court properly denied the competing branches of defendants' separate motions regarding their contractual and common-law indemnification claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020